IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL R. YOUNGBLOOD and | ) | |
| PAULINE YOUNGBLOOD, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| v. | ) | CASE NO. 2:08-cv-117-MEF |
| | ) | (WO-Not Recommended for Publication) |
| MYONG SHIN YI, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**MEMORANDUM OPINION AND ORDER**

This lawsuit arises out of an automobile accident in which a vehicle, driven by Plaintiff Daniel Youngblood (hereinafter "Youngblood"), collided with a disabled vehicle Defendant Myong Shin Yi ("Yi") had been driving prior to colliding with a deer. Youngblood brings this action under Alabama law alleging that Yi negligently and wantonly caused the collision between the two vehicles. Youngblood also brings a derivative claim for loss of income and his wife brings a claim for loss of consortium.

This cause is before the Court on the Motion for Summary Judgment of Defendant Myong Shin Yi (Doc. # 3) filed on October 13, 2009. The Court has carefully considered the arguments made in support of and in opposition to the motion, and for the reasons set forth below, the Court finds that the motion is due to be GRANTED in part. The Court further finds that it is appropriate to defer ruling on part of the motion until after the parties have had an opportunity to orally argue the motion at pretrial.

## I. JURISDICTION AND VENUE

Subject-matter jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332 (diversity).[1] The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both personal jurisdiction and venue.

## II. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed

---

[1] The amount in controversy is in excess of $75,000. Yi is a Korean national who at the time of the accident resided in Georgia, but now resides in Illinois. Youngblood and his wife are Alabama residents. State Farm, which was originally an additional defendant is alleged to be a corporate citizen of Illinois. Although the Complaint purports to bring suit against fictitious defendants, the Federal Rules of Civil Procedure do not allow fictitious party pleading.

to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. *To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."* *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (emphasis added). A plaintiff must present evidence demonstrating that he can establish the basic elements of his claim. *Celotex,* 477 U.S. at 322. A court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

### III. FACTS AND PROCEDURAL HISTORY

The Court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion for summary judgment. The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following

facts.

On January 9, 2008 at around 6:10 p.m., Yi was traveling north on U.S. Highway 231 in a 1997 Mercury Villager.[2] It was already dark, and Yi was been driving with his headlights on. He was operating his vehicle at the posted speed for that stretch of road, which was 65 miles per hour. A deer tried to cross the road in front of Yi's vehicle. Yi's vehicle struck the deer. The impact with the deer caused the lights on his vehicle to go out and rendered the vehicle inoperable. It came to a stop with the rear end of the vehicle sticking approximately two to three feet into the right hand lane of the highway. Yi attempted to restart the vehicle without success. He also tried to turn on the lights and the emergency flashers, but they would not function. Yi had no flashlight or flares in his vehicle.

Yi got out of the vehicle and used his cell phone to place a call to 911 for emergency assistance. While Yi was calling 911 from the roadside, one vehicle passed in the left lane. Shortly after Yi placed his call to 911, the 2000 Town & Country van driven by Youngblood collided with the rear of Yi's vehicle. As a result of the collision, Youngblood suffered injury to his leg and hip. He required emergency surgery. His overall health has declined since the accident.

On February 19, 2008, Youngblood and his wife filed suit in this Court against Yi, his insurance company, and several fictitious defendants. Youngblood alleged both negligence and wantonness claims against Yi and sought compensatory damages, punitive damages, lost

---

[2] Yi had been making a business delivery from Atlanta.

income and loss of consortium damages for his wife. Yi's insurance company has elected not to opt out of this action at this time. Yi now moves for summary judgment on all claims against him. Youngblood and his wife oppose that motion.

## IV. DISCUSSION

### A. Applicable Law

When a federal court exercises jurisdiction based upon diversity of citizenship, the court is bound to apply the substantive law of the state in which it sits. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The *Erie* doctrine extends to choice-of-law questions, so that a court sitting in diversity must apply the forum state's conflict-of- law rules. *Strochak v. Federal Ins. Co.,* 109 F.3d 717, 719-20 (11th Cir. 1997) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Because the Youngbloods' claims sound in tort, Alabama's choice-of-law rules require this Court to apply Alabama law:

> *Lex loci delicti* has been the rule in Alabama for almost 100 years. Under this principle, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred.

*Fitts v. Minnesota Mining & Mfg. Co.*, 581 So. 2d 819, 820 (Ala. 1991) (citations omitted).

### B. Youngblood's Wantonness Claim

Yi moves for summary judgment on Youngblood's wantonness claim arguing that he cannot prove the essential elements of the claim. Under Alabama law, to survive summary judgment on the issue of wantonness, a plaintiff must provide substantial evidence creating a genuine issue of material fact that the tortfeasor acted with reckless or with conscious

5

disregard to the rights or safety of others in his operation of his vehicle. *Ala. Code* § 6-11-20;[3] *Monroe v. Brown,* 307 F. Supp. 2d 1268, 1271 (M.D. Ala. 2004) (Thompson, J.) ("Wantonness . . . has been defined by the Supreme Court of Alabama as "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result."); *Tolbert v. Tolbert,* 903 So. 2d 103, 115 (Ala. 2004) (affirming summary judgment on a wantonness claim arising from an automobile accident where evidence did not establish "more than a showing of some form of inadvertence on the part of the driver or that it rose to the required showing of some degree of consciousness on the part of the defendant that injuries are likely to result from his act or omissions") (citations omitted).[4]

Wantonness is not merely a higher degree of culpability than

---

[3] The statute provides:

Punitive damages may not be awarded in any civil action, except civil actions for wrongful death pursuant to Sections 6-5-391 and 6-5-410, other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with disregard to the plaintiff . . . WANTONNESS. Conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

Ala. Code § 6-11-20(b)(3) (1975).

[4] In *Tolbert,* a child and his grandmother were traveling by car in a light rain. As the car traveled downhill, the child's grandmother failed to negotiate an "S" curve, skidded into the opposing lane of traffic and collided with another vehicle. The child, the child's grandmother, and the driver of the other vehicle were all killed. The child's father filed a wrongful death action against the grandmother's estate, claiming the grandmother was operating her vehicle wantonly. *See* 903 So. 2d 103.

6

> negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury . . . [W]antonness imports premeditation, or knowledge and consciousness that the injury is likely to result from the act done or from the omission to act . . .

*Tolbert,* 903 So.2d at 115 (internal quotations and citations omitted). "What constitutes wanton misconduct depends on the facts presented in each particular case." *Id.*

Although, under *Erie,* this Court must apply the Alabama definition of wantonness, "in diversity cases federal courts apply a federal rather than state test in determining the sufficiency of the evidence to create a jury question . . ." *Salter v. Westra,* 904 F.2d 1517, 1524 (11th Cir. 1990). In the context of summary judgment in the federal arena, the test is whether, in viewing the substantial evidence in the light most favorable to the plaintiff, a genuine issue exists for trial. *Monroe,* 307 F. Supp. 2d at 1271.

To survive summary judgment, Youngblood must establish a genuine issue of fact as to whether Yi (1) acted consciously when he failed to use his cell phone, jacket or arms to try to signal to Youngblood's approaching vehicle that there was a disabled vehicle, and (2) was conscious, based on existing conditions, that injury was a likely or probable result of his actions. *See Monroe*, 307 F. Supp. 2d at 1272.[5] In analyzing this claim, the Court must

---

[5] In *Monroe,* tractor-trailer driver Brown rear-ended the Monroes' vehicle while they were sitting at a red traffic light in Montgomery, Alabama. 307 F. Supp. 2d 1268. The collision occurred when Brown, thinking that the Monroes would proceed through the

remain mindful of the Supreme Court of Alabama's admonition that "[w]antonness should be submitted to the jury unless there is a total lack of evidence from which the jury could reasonably infer wantonness." *McDougle v. Shaddrix*, 534 So. 2d 228, 231 (Ala. 1988).

Under the first prong of the *Monroe* analysis, the substantial evidence, viewed in the light most favorable to Youngblood, reflects that Yi made a decision to call 911 and stay on the side of the road even though he knew he had not been able to get his vehicle out of the traffic lane and he had not been able to mark the vehicle with any lights or flashers on that dark night. Further he decided, because he believed that drivers would be able to see his

---

intersection under the yellow caution signal, accelerated to proceed through as well. The Monroes, however, chose not to proceed through the intersection, they stopped. Brown's tractor-trailer collided with the Monroes' vehicle. The Monroes claimed negligence and wantonness seeking compensatory and punitive damages. Brown filed a motion for summary judgment on the Monroes' wantonness claim. *Id.* Based on the detailed factual evidence which presented a clear picture of the events underlying the collision, the court found that Brown decided to accelerate as he approached the intersection in an attempt to run a yellow light, "a conscious act that, at least, contributed to the accident." *Id.* at 1273. The court also found that Brown was conscious, based on the existing conditions, that injury was a likely or probable result of his acceleration in his attempt to run the yellow light. The court noted that Brown "had a duty to begin to slow his vehicle *and* keep sufficient distance between his tractor-trailer and the [Monroe vehicle] as they approached the yellow light so that he would not collide with the Monroes should [they] decide to stop rather than proceed through the yellow light. Instead, Brown consciously chose to accelerate and, thereby, consciously created a greater danger for all concerned." *Id.* at 1275 (emphasis in original). Brown's motion for summary judgment was denied under the summary judgment standard set out herein (whether, in viewing the substantial evidence in the light most favorable to the plaintiffs, a genuine issue exists for trial). *Id.* at 1271, 1276. Although the facts before this Court in the instant case are distinguishable from the facts of *Monroe,* the factual analysis set out in *Monroe* is current and instructive.

8

disabled vehicle in their headlights and avoid it[6] and because he feared for his safety, not to attempt to signal to drivers by waving his arms, his jacket, or his cell phone. The second prong of the *Monroe* analysis is especially problematic. This Court is asked to infer a state of mind, a conscious disregard, or a lack thereof on the part of Yi by taking these actions. Viewing the evidence presented in the light most favorable to Youngblood, this Court is compelled to find that no reasonable jury could find that in the circumstances Yi acted with conscious disregard of the safety of others is best left to the jury. There is a total lack of evidence from which a jury could reasonably infer wantonness. The Court thus concludes that summary judgment is appropriate as to the wantonness claim. *See, e.g.*, *Monroe,* 307 F. Supp. 2d at 1276; *Hicks v. Dunn,* 819 So. 2d 22 (Ala. 2001); *Clark v. Maddox,* 630 So. 2d 1012 (Ala. 1993).

**C.   Youngblood's Negligence Claim**

Yi further contends that he is entitled to judgment as a matter of law on the negligence claims against him. The Court asks the parties to be prepared to argue this portion of the motion at the pretrial and to be able to discuss the merits of this claim in detail. The Court notes that Youngblood's arguments based on negligence *per se* are not well-taken. Negligence *per se* was not included in the complaint, it is well-settled in this circuit that one may not amend pleadings by briefs submitted in opposition to a motion for summary

---

[6] A belief which was reinforced when the first vehicle was able to pass safely in the left hand lane.

judgment. Moreover, the Court is not persuaded that the sections of the Alabama Code invoked in the negligence *per se* argument are applicable to the facts of this case. Thus, Youngblood will not be able to present negligence *per se* claims to the jury.

## V. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Defendant's Motion for Summary Judgment (Doc. # 33) is GRANTED in part and RULING IS RESERVED in part.

DONE this the 5th day of January, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE