IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL R. YOUNGBLOOD and | ) | |
| PAULINE YOUNGBLOOD, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| v. | ) | CASE NO. 2:08-cv-117-MEF |
| | ) | (WO-Not Recommended for Publication) |
| MYONG SHIN YI, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**MEMORANDUM OPINION AND ORDER**

This lawsuit arises out of an automobile accident in which a vehicle, driven by Plaintiff Daniel Youngblood (hereinafter "Youngblood"), collided with a disabled vehicle Defendant Myong Shin Yi ("Yi") had been driving prior to colliding with a deer. Youngblood brings this action under Alabama law alleging that Yi negligently and wantonly caused the collision between the two vehicles. Youngblood also brings a derivative claim for loss of income and his wife brings a claim for loss of consortium.

This cause is before the Court on the remaining part of the Motion for Summary Judgment of Defendant Myong Shin Yi (Doc. # 3) filed on October 13, 2009.[1] The Court has carefully considered the arguments made in support of and in opposition to the motion, and for the reasons set forth below, the Court finds that the motion is due to be DENIED as to the negligence claim.

---

[1] By a separate order, the Court has granted part of the motion to the extent that it sought summary judgment on the wantonness claim.

## I. JURISDICTION AND VENUE

Subject-matter jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332 (diversity).[2] The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both personal jurisdiction and venue.

## II. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate

---

[2] The amount in controversy is in excess of $75,000. Yi is a Korean national who at the time of the accident resided in Georgia, but now resides in Illinois. Youngblood and his wife are Alabama residents. State Farm, which was originally an additional defendant is alleged to be a corporate citizen of Illinois. Although the Complaint purports to bring suit against fictitious defendants, the Federal Rules of Civil Procedure do not allow fictitious party pleading.

burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. *To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts.*" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (emphasis added). A plaintiff must present evidence demonstrating that he can establish the basic elements of his claim. *Celotex,* 477 U.S. at 322. A court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

### III.  FACTS AND PROCEDURAL HISTORY

The Court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion for summary judgment. The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following facts.

On January 9, 2008 at around 6:10 p.m., Yi was traveling north on U.S. Highway 231 in a 1997 Mercury Villager.[3]  It was already dark, and Yi was been driving with his headlights on.  He was operating his vehicle at the posted speed for that stretch of road, which was 65 miles per hour.  A deer tried to cross the road in front of Yi's vehicle.  Yi's vehicle struck the deer.  The impact with the deer caused the lights on his vehicle to go out and rendered the vehicle inoperable.  It came to a stop with the rear end of the vehicle sticking approximately two to three feet into the right hand lane of the highway.  Yi attempted to restart the vehicle without success.  He also tried to turn on the lights and the emergency flashers, but they would not function.  Yi had no flashlight or flares in his vehicle.

Yi got out of the vehicle and used his cell phone to place a call to 911 for emergency assistance.  While Yi was calling 911 from the roadside, one vehicle passed in the left lane.  Shortly after Yi placed his call to 911, the 2000 Town & Country van driven by Youngblood collided with the rear of Yi's vehicle.  As a result of the collision, Youngblood suffered injury to his leg and hip.  He required emergency surgery.  His overall health has declined since the accident.

On February 19, 2008, Youngblood and his wife filed suit in this Court against Yi, his insurance company, and several fictitious defendants.  Youngblood alleged both negligence and wantonness claims against Yi and sought compensatory damages, punitive damages, lost income and loss of consortium damages for his wife.  Yi's insurance company has elected

---

[3] Yi had been making a business delivery from Atlanta.

not to opt out of this action at this time. Yi now moves for summary judgment on all claims against him. Youngblood and his wife oppose that motion.

## IV.  DISCUSSION

### A.  Applicable Law

When a federal court exercises jurisdiction based upon diversity of citizenship, the court is bound to apply the substantive law of the state in which it sits. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The *Erie* doctrine extends to choice-of-law questions, so that a court sitting in diversity must apply the forum state's conflict-of- law rules. *Strochak v. Federal Ins. Co.,* 109 F.3d 717, 719-20 (11th Cir. 1997) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Because the Youngbloods' claims sound in tort, Alabama's choice-of-law rules require this Court to apply Alabama law:

> *Lex loci delicti* has been the rule in Alabama for almost 100 years. Under this principle, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred.

*Fitts v. Minnesota Mining & Mfg. Co.*, 581 So. 2d 819, 820 (Ala. 1991) (citations omitted).

### B.  Youngblood's Negligence Claim

Yi contends that he is entitled to judgment as a matter of law on the negligence claims against him. The Court finds, however, that this claim must go to the jury for resolution. Accordingly, the motion for summary judgment is due to be DENIED as to the negligence claims.

## V.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Defendant's Motion for Summary Judgment (Doc. # 33), which was previously GRANTED with respect to the wantonness claim, is DENIED with respect to the negligence claims.

DONE this the 14th day of January, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE
